**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doneld Womack, ) | No. CV-12-1524-PHX-SRB (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| The GEO Group, Inc., ) | |
| Defendant. ) | |

    This case comes before the Court on three motions filed by Plaintiff titled as follows: 1) Motion to Proceed on a Supplemental Complaint Adding New Defendant and Request for Leave to Amend the First Amended Complaint, doc. 15; 2) Request for Entry of Default, doc. 20; and 3) Motion for Contempt and Application for the Court to Enter Default Judgment and Request for the Court to Order an Inquest be Taken Before a Jury to Assist Plaintiff's Damages, doc. 23. Defendant The GEO Group, Inc. ("GEO Group"), the only defendant named in this action at this time, filed a Motion for Leave to Amend Answer to Specifically Deny Count I, filed on February 1, 2013. (Doc. 26 )

**I. Background**

    At the time he filed this action, *pro se* Plaintiff was an inmate confined in the Central Arizona Correctional Facility ("CACF"), a private correctional facility, which is owned and operated by the GEO Group, which has contracted with the State of Arizona to incarcerate prisoners. Plaintiff initially filed this prisoner § 1983 civil rights action on July 16, 2012,

and, upon his request to amend the original complaint, the Court granted Plaintiff leave to file the lodged First Amended Complaint on August 23, 2012, after screening the First Amended Complaint as required by 28 U.S.C. § 1915A(a). (Docs. 1, 7) In the August 23, 2012 screening order, the Court dismissed without prejudice Counts Four through Six of the First Amended Complaint because these counts were duplicative of Plaintiff's allegations in Counts One through Three. (Doc. 7 at 5) The Court also dismissed without prejudice Counts Two and Three against Defendants Charles Ryan, Director of the Arizona Department of Corrections ("ADOC"), and John Gay, Warden of CACF, respectively, for failure to state claims upon which relief could be granted. (*Id.*) In the same screening order, the Court also denied Plaintiff's Application to Proceed *In Forma Pauperis* because Plaintiff did not submit a certified six-month trust account statement required by 28 U.S.C. § 1915(a)(2).[1] *See Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007). (*Id.* at 2, 6) On the same day, the Clerk filed the lodged First Amended Complaint as limited by the screening order to Count One only. (Doc. 8)

In the First Amended Complaint, Plaintiff alleges that, since approximately 2009, the GEO Group has maintained the prison dorms in which Plaintiff was housed with "constant illumination" by four large fluorescent lights which brightly illuminated his living area and bed for "24 hours a day." (*Id.* ¶¶ 4-8 at 3-4) He also asserts that the GEO Group instituted a practice of having its staff members awake inmates who attempt to block the light by covering their heads at night. Plaintiff contends the constant, bright illumination in his cell deprived him of normal sleep and rest; caused him to suffer headaches, sleep disorders, placed "out of sync" his internal sleep clock; and renderd him too sleepy and fatigued to participate in basic daily activities. In Count One, Plaintiff alleges the GEO Group has violated, and continues to violate, his Eighth Amendment rights under the United States

---

[1] The Court raises this issue because in its November 15, 2012 Order, the Court incorrectly stated that "[t]he Court granted Plaintiff in *forma pauperis* status . . . ." (Doc. 14 at 1) The Court actually denied Plaintiff *IFP* status. (Doc. 7 at 6) This inadvertent, harmless error will be corrected in this Order *nunc pro tunc*.

- 2 -

1  Constitution and are deliberately indifferent to Plaintiff's "basic right to shelter" that does
2  not cause him harm or threaten his mental and physical well-being. (*Id.* ¶ 1 at 3) *See Keenan*
3  *v. Hall*, 83 F.3d 1083, 1088, 1090-91 (9th Cir. 1996) (Because "[t]here is no legitimate
4  penological justification for . . . constant illumination[,]" a triable issue of fact existed on a
5  continuous lighting claim where  prisoner was subjected to two large fluorescent lights that
6  were kept on 24 hours a day for six months, and the prisoner claimed that the lighting caused
7  him grave sleeping problems and other mental and psychological problems.") (citations and
8  internal quotation marks omitted), *opinion amended on denial of rehearing by* 135 F.3d 1318
9  (9th Cir. 1998). Plaintiff seeks declaratory and injunctive relief and monetary damages.

10  On January 14, 2013, Plaintiff filed a Request for Entry of Default, attaching his
11  declaration thereto and claiming "[t]he GEO Group, Inc. has not filed or served an answer
12  as ordered by the Court on August 23, 2012, or taken other[] actions as may be permitted by
13  law although more than 60 days have passed since the date of service." (Doc. 20, ¶ 3 at 2)

14  The docket reflects that on December 21, 2012, Defendant GEO Group filed a timely
15  answer.[2] (Doc. 17)  In its Answer, Defendant GEO Group erroneously wrote "No answer
16  required of GEO[,]" to Count One, but it denied all allegations in Count Two, which had
17  been dismissed by the Court in the screening order. In its Motion for Leave to File to Amend
18  Answer to Specifically Deny Count I, doc. 26, the GEO Group requests leave to file an
19  amended answer to specifically deny Count I of Plaintiff's First Amended Complaint. At this
20  time, default has not been entered by the Clerk of Court on Count One against the GEO
21  Group.

22  On December 10, 2012, Plaintiff filed a document entitled Motion to Proceed on a
23  Supplemental Complaint Adding New Defendant and Request for Leave to Amend the First
24  Amended Complaint, which the Court construes, in part, as a motion to file a Second
25  Amended Complaint. (Doc. 15)  Citing Rule 15(a)(2) and (d), Fed.R.Civ.P., Plaintiff seeks

---

[2] Under federal law, if a defendant "has timely waived service" under Federal Rule of Civil Procedure 4(d), the defendant "must serve an answer . . . within 60 days after the request for a waiver was sent . . . ." Fed.R.Civ.P. 12(a)(1)(A)(ii).

- 3 -

to file a Supplemental Complaint in this case, adding a new defendant in Count Two as well as amending Count One of the First Amended Complaint. (*Id.* at 1) The prospective new defendant is Correctional Health Care Corporation[3] ("CHC"), which, according to Plaintiff, "is a newly contracted health care provider at GEO Group's prison where the plaintiff was housed." (*Id.*, ¶ 7 at 3) Plaintiff indicates that on November 5, 2012, ADOC moved him to the south unit in Florence, Arizona and, although his proposed amendment is less than clear and does not comply with LRCiv 15.1,[4] he apparently seeks to file another amended complaint to remove any potential Eighth Amendment liability to GEO Group after this date. (*Id.*, ¶ 10 at 3)

As for his claim against CHC, Plaintiff indicates it "deals with medical treatment of plaintiff's sleeping problems . . . from July 1, 2012 to November 2012" and then after he was transferred to ADOC's south unit through the present time. (*Id.*, ¶ 14 at 4) He claims Nurse Practitioner Shaw initially prescribed him the drug Elavil[5] in pill form for Plaintiff's "reoccurring headaches caused by constant illumination shining on his face and or eyes" in GEO Group's dorms. (*Id.*, ¶ 19b at 6) Beginning on and after July 1, 2012, "CHC started

---

[3] Correctional Health Care Corporation may not be the healthcare provider to Plaintiff at ADOC. Even if it were, CHC would not be liable to Plaintiff simply as the employer of Plaintiff's healthcare providers because "[t]here is no *respondeat superior* liability under § 1983 . . . ." *Worley v. Correctional Medical Services*, 2012 WL 1405866, at *2 (D. Ariz. April 23, 2012) (citations omitted).

[4] LRCiv 15.1 requires a proposed amended pleading, like an amended complaint, to indicate how it differs from the prior complaint "[b]y bracketing or striking through the text to be deleted and underlining the text to be added." Because he failed to use brackets, strike outs and underlines in his proposed 20-page handwritten Second Amended Complaint, Plaintiff has significantly hindered the Court's ability to compare the First Amended Complaint and the proposed Second Amended Complaint and increased the time it takes to do so. (Doc. 15 at 15-35)

[5] Elavil, a prescription drug with the generic name of amitriptyline, is an antidepressant drug that "elevates mood by raising the level of neurotransmitters in nerves of the brain." "Amitriptyline is used to elevate the mood of patients with depression." *See* www.medicinenet.com/amitriptyline (last viewed on February 5, 2013).

1  the practice of having its nursing staff to (sic) crush all of the plaintiff's doctor prescribed
2  Elavil medication and give it to the plaintiff in water for no medical reason . . . ." (*Id*., ¶ 22
3  at 6)  Plaintiff alleges the crushed Elavil in water, unlike when taken in pill form, "caused
4  the plaintiff to suffer from painful adverse side effects[,]" such as numb mouth, burning
5  throat when swallowing food, nauseated stomach, and vomiting. (*Id*., ¶¶ 23-24 at 7) Plaintiff
6  alleges "CHC was deliberate[ly] indifferent [to] plaintiff's serious sleep disorders, medical
7  and medication needs in violation of his rights under the Eighth amendment of the U.S.
8  Constitution." (*Id*., ¶ 8 at 3) Plaintiff accuses CHC of failing to inform him of the adverse
9  side effects of ingesting crushed Elavil in water and prohibiting his physician, Dr. Haleem,
10 and other prison healthcare providers from prescribing "uncrushed" Elavil in pill form as
11 CHC's "statewide procedure." (*Id*., ¶¶ 27, 29-30 at 7-8)  Because of this prohibition to
12 dispense Elavil in whole pill form, Plaintiff claims he stopped taking crushed Elavil in water,
13 causing Plaintiff "to suffer for months from worse headaches and sleep disorders than he
14 ever had before." (*Id*., ¶ 28 at 8)

15      Plaintiff's amendment motion does not explain why he relies upon Rule 15(d),
16 Fed.R.Civ.P., rather than either filing a new complaint and lawsuit against CHC or seeking
17 to amend the First Amended Complaint, pursuant to Rule 15(a)(2), Fed.R.Civ.P., except to
18 state the allegations against CHC "occurred since the plaintiff filed his original complaint[]"
19 against GEO Group and the drug Elavil is involved in both claims. (*Id*., ¶ 14 at 4) At the time
20 Plaintiff filed his amendment motion, Defendant GEO Group had been served with process,
21 but had not yet appeared in this action. Though its response to Plaintiff's default motion
22 reflects knowledge of Plaintiff's pending amendment motion, doc. 25 at 1, GEO Group has
23 not responded to Plaintiff's amendment motion.

24 **II. Defaults and Default Judgments**

25      "Obtaining a default judgment is a two-step process governed by Federal Rule of
26 Civil Procedure 55." *Sierra Nevada Corp. v. Digibee Mobile Ltd*., 2012 WL 1298545, at *1
27 (D. Nev. April 13, 2012) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986))
28 ("Eitel apparently fails to understand the two-step process required by Rule 55.") (citation

omitted). First, Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). *Id.* Thus, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what a clerk enters when the default is established by affidavit or otherwise. Fed.R.Civ.P. 55(a). "Default is not to be freely granted, however, as 'a case should, whenever possible, be decided on the merits.'" *U.S. Commodity Futures Trading Com'n v. American Bullion Exchange*, 2011 WL 4946810, at *2 (C.D. Cal. Oct. 17, 2011) (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

After a defendant's default has been entered by the clerk pursuant to Rule 55(a), a plaintiff may apply for a default judgment, and, depending upon the nature of relief requested in the complaint, judgment may be entered by the clerk or the court. *See* Rule 55(b)(1) and (2), Fed.R.Civ.P. Entry of default judgment, however, is not a matter of right. *Santa Fe Auto Ins. Co., Inc. v. Black*, 2013 WL 310369, at *1 (D. Nev. Jan. 25, 2013) (citation omitted); *Doe I v. Qi*, 349 F.Supp.2d 1258, 1271 (N.D. Cal. 2004). Entry of a default judgment "is entirely within the court's discretion and may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons." *Qi*, 349 F.Supp.2d at 1271 (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

### III. Amended and Supplemental Complaints

Federal Rule of Civil Procedure 15(d) provides the mechanism for supplemental pleadings.[6] "Under Federal Rule of Civil Procedure 15(d), the court may permit a party to

---

[6] Rule 15(d), Fed.R.Civ.P., provides:

**Supplemental Pleadings**. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

- 6 -

supplement his complaint in order to set out 'any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented.*'" *Burnett v. Dugan*, 2011 WL 1002145, at *2 (S.D. Cal. March 21, 2011) (quoting Fed.R.Civ.P. 15(d)) (emphasis in original). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). In other words, Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that did not exist when the original complaint was initially filed. *Eid v. Alaska Airlines, Inc*., 621 F.3d 858, 874 (9th Cir. 2010) (denying claims which arose from conduct which happened nearly a year *before* plaintiffs filed their first complaint). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc*., 668 F.2d 1014, 1057 (9th Cir. 1981); *see also Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) ("[A] supplemental pleading is one designed to bring earlier pleadings up to date.") (citation omitted). The rule "permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Keith*, 858 F.2d at 473; *see also San Luis & Delta–Mendota Water Auth. v. U.S. Dep't of the Interior*, 236 F.R.D. 491, 499 (E.D. Cal. 2006) ("The district court has developed extensive knowledge of the relevant law, background, and scientific considerations . . . Retaining the new claims as part of the existing case serves the interests of judicial economy.").

"While Rule 15(a) and Rule 15(d) appear to offer similar relief, the rules differ in two respects." *McGrotha v. Fed Ex Ground Package Sys., Inc*., 2007 WL 640457, at *2 (M.D. Ga. Feb. 24, 2007). "Rule 15(a) relates 'to matters that occurred *prior* to the filing of the

---

occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

original pleading and entirely replace the earlier pleading.'" *Id.* (quoting Wright & Miller, *Federal Practice and Procedure*, § 1504 (1971) ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15."). "Rule 15(d), however, deals 'with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings.'" *Id.*

The Ninth Circuit has made clear that Rule 15(d) should "[n]ot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citing, *inter alia*, 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action"). The "only requirement is that 'some relationship' exist between the original claims and those being added." *Aten Int'l. Co., Ltd v. Emine Tech. Co., Ltd.*, 2010 WL 1462110, at *3 (C.D. Cal. April 12, 2010) (quoting *Keith*, 858 F.2d at 474) ("While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction."). There is little recent case law authorizing a supplemental complaint to add new parties, but the authority that does exist requires the new parties be connected with the original action. *See Griffin v. County Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226-227 (1964).

Generally, the standard used by district courts in deciding whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend a complaint or answer. *See Ibok v. Advanced Micro Devices, Inc.*, 2003 WL 25686529, at *2 (N.D. Cal. July 2, 2003) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that the standard under 15(a) and 15(d) are the same); *Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th Cir. 2002); *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). Thus, leave to file a supplemental complaint should be freely granted unless there is undue delay, bad faith or dilatory motive

1 on the part of the movant, undue prejudice to the opposing party, or the supplement would
2 be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Buckley*, 356 F.3d 1067,
3 1077 (9th Cir. 2004); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).
4 Fed.R.Civ.P. 15(a). "The language of Rule 15(d) makes clear that a supplemental pleading
5 may only be filed with leave of the court." *Bittel Tech., Inc. v. Bittel USA, Inc*., 2011 WL
6 940300, at *3 (N.D. Cal. Feb. 18, 2011).

**IV. Discussion**

Plaintiff's request to enter default against Defendant GEO Group is plainly without merit. Contrary to Plaintiff's declaration, on December 21, 2012, Defendant GEO Group filed a timely answer, indicating an intent to answer according to "the Court's Order of August 23, 2012[,]" which, of course, allowed only Count One to proceed after the Court's screening order. (Doc. 17)  In its Answer, however, Defendant GEO Group erroneously wrote "No answer required of GEO[,]" to Count One, but it denied all allegations in Count Two, which had been dismissed. In its Response to Plaintiff's Motion for Contempt and Entry of Default, the GEO Group acknowledged its Answer "mistakenly denied only 'Count II,'" but the GEO Group points out its Answer denied all of Plaintiff's claims in a catch-all affirmative defense, to wit: "Defendant denies each and every material allegation not admitted above." (Doc. 25 at 1) (citing affirmative defense number one; *see* doc. 17 at 2). The GEO Group requests leave to file an amended answer to specifically deny Count I of Plaintiff's First Amended Complaint, complying with LRCiv 15.1(a). The Court will grant the GEO Group's leave to amend its answer because leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a); this amendment policy is to be applied with "extreme liberality," *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); there is no evidence of bad faith, undue delay, or prejudice to Plaintiff; and Defendant GEO Group has not previously amended its answer. *Johnson*, 356 F.3d at 1077.

Regarding Plaintiff's supplemental complaint, it does not allege a new claim against current Defendant GEO Group, but instead raises an entirely new and different claim against a new defendant, CHC, even though both claims are allegedly based upon violations of

- 9 -

1  Plaintiff's Eighth Amendment rights and generally involve Elavil. Similar to the prisoner's
2  request to file a supplemental complaint in *Alverto v. Department of Corrections*, 2012 WL
3  1344732 (W.D. Wash. April 18, 2012) to add new defendants due to events that occurred
4  since Plaintiff filed his original complaint, Plaintiff's claim against CHC is separate and
5  distinct from that alleged in his original complaint, requires presentation of different
6  witnesses and evidence to establish a *prima facie* case, and should be set forth in a separate
7  complaint and lawsuit. *See Neely*, 130 F.3d at 402 (Rule 15(d) "[c]annot be used to introduce
8  a separate, distinct and new cause of action."). CHC is neither a defendant in this lawsuit nor
9  is Plaintiff's proposed supplemental complaint a "discrete and logical extension of the
10 original claim" against the GEO Group. In addition, allowing supplementation would not
11 serve the interests of judicial economy, would increase the cost, length, and complexity of
12 this litigation to the GEO Group and the Court by adding a new defendant with a different
13 factual basis for liability and damages, contrary to Rule 1, Fed.R.Civ.P. ("These rules . . .
14 should be construed and administered to secure the just, speedy, and inexpensive
15 determination of every action and proceeding.").  *See Contreraz v. Stockbridge*, 2012 WL
16 396503, at *1 (E.D. Cal. Feb. 7, 2012) (denying prisoner's request to file supplemental
17 complaint on grounds that doing so "[w]ould not serve the interests of judicial economy and
18 convenience, and the proposed claims are simply not sufficiently related to the present claim
19 to support allowing leave to supplement.").

20       Like the district court noted in *Alverto* in denying plaintiff's motion to file a
21 supplemental complaint, "[t]here are no 'technical obstacles' to the Plaintiff bringing a new,
22 separate action to challenge his new claims[,]" alleging his alleged different injuries related
23 to ingesting crushed Elavil in water. 2012 WL 1344732, *2 (citation omitted); *see also*
24 *MacDonald v. Schriro*, 2007 WL 4404880, *2 (D. Ariz. Dec. 14, 2007) (denying prisoner's
25 request to file supplemental complaint adding new parties because "the proposed supplement
26 is more properly the subject of a separate lawsuit.").

27       Based on the foregoing,
28       **IT IS ORDERED** as follows:

1. Plaintiff's Motion to Proceed on a Supplemental Complaint Adding New Defendant and Request for Leave to Amend the First Amended Complaint, doc. 15, is **DENIED**. The denial of leave to amend the First Amended Complaint as to Defendant GEO Group is without prejudice. Plaintiff may move to file a Second Amended Complaint; provided, however, he timely moves to do so; fully complies with LRCiv 15.1(a); and the amended pleading contains a "*short and plain* statement of the claim showing that [Plaintiff] is entitled to relief" as mandated by Rule 8(a)(2), Fed.R.Civ.P., and fully explained in the August 23, 2012 screening order, doc. 7 at 3. Thereafter, the Court will screen the proposed amended complaint as required by 28 U.S.C. § 1915A(a). Plaintiff's failure to comply with this Order may result in the denial with prejudice an amendment motion.

2. Plaintiff's Request for Entry of Default, doc. 20, and Motion for Contempt and Application for the Court to Enter Default Judgment and Request for the Court to Order an Inquest be Taken Before a Jury to Assist Plaintiff's Damages, doc. 23, are **DENIED**.

3. Defendant GEO Group's Motion for Leave to File to Amend Answer to Specifically Deny Count I, doc. 26, is **GRANTED**. Defendant must file and serve its lodged Amended Answer, as required by LRCiv 15.1(a), on or before **Tuesday, February 19, 2013**.

**IT IS FURTHER ORDERED** that the November 15, 2012 Order, which incorrectly states "[t]he Court granted Plaintiff in *forma pauperis* status," doc. 14 at 1, is hereby corrected *nunc pro tunc* that the Court denied Plaintiff in *forma pauperis* status.

Dated this 8th day of February, 2013.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge