**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doneld Womack, ) | No. CV-12-1524-PHX-SRB (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| The GEO Group, Inc., ) | |
| Defendant. ) | |

*Pro se* Plaintiff moves the Court to appoint an expert witness "to analyze health effects and harm on inmates by being required to live under constant illumination by Defendant GEO Group[.]" (Doc. 40 at 1)  Plaintiff represents he "lacks funds or means of securing funds to retain an expert[.]" (*Id*.)  Plaintiff cites Rules 702 and 706, Federal Rule of Evidence ("Fed.R.Evid."); *Steele v. Shah*, 87 F.3d 1266, 1270-71 (11th Cir. 1996) (remanding motion to appoint counsel and expert to district court where "district court gave no explanation for the refusal to appoint [counsel and expert]"); and *Beard v. Banks*, 548 U.S. 521, 534 (2006) as authority to support his request. Defendant GEO Group has not responded to this Motion. For the reasons discussed below, Plaintiff's Motion to Appoint Expert to Analyze Health Effects and Harm of Constant Illumination will be denied.

**I. Background**

At the time he filed this Section 1983 action on July 16, 2012, *pro se* Plaintiff was an inmate confined in the Central Arizona Correctional Facility ("CACF"), a private

correctional facility owned and operated by Defendant GEO Group, which has contracted with the State of Arizona to incarcerate prisoners.

In the First Amended Complaint, Plaintiff alleged that, since approximately 2009, the GEO Group has maintained the prison dorms in which Plaintiff was housed with "constant illumination" by four large fluorescent lights that brightly illuminated his living area and bed "24 hours a day." (Doc. 8, ¶¶ 4-8 at 3-4) He also asserts that the GEO Group instituted a practice of its staff members awakening inmates who attempt to block the light by covering their heads at night. Plaintiff contends the constant, bright illumination of his cell deprived him of normal sleep and rest; caused him to suffer headaches, sleep disorders, placed "out of sync" his internal sleep clock; and rendered him too sleepy and fatigued to participate in basic daily activities. In Count One, Plaintiff alleged the GEO Group has violated his Eighth Amendment rights under the United States Constitution and was deliberately indifferent to Plaintiff's "basic right to shelter" that caused him harm and threatened his mental and physical well-being. (*Id.* ¶ 1 at 3) *See Keenan v. Hall*, 83 F.3d 1083, 1088, 1090-91 (9th Cir. 1996) (Because "[t]here is no legitimate penological justification for . . . constant illumination[,]" a triable issue of fact existed on a continuous lighting claim where prisoner was subjected to two large fluorescent lights on 24 hours a day for six months, and prisoner claimed the lighting caused him grave sleeping and other mental and psychological problems.) (citations and internal quotation marks omitted), *opinion amended on denial of rehearing by* 135 F.3d 1318 (9th Cir. 1998). Plaintiff seeks declaratory and injunctive relief and monetary damages.

On November 5, 2012, the Arizona Department of Corrections ("ADOC") moved Plaintiff to its south unit in Florence, Arizona, which does not have the continuous lighting problem about which Plaintiff has complained. (Doc. 15, ¶ 10 at 3)

**II. Appointment of Expert Witness**

Federal Rule of Evidence 702(a) authorizes "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help

1 2 3 4 5 6 7 the trier of fact to understand the evidence or to determine a fact in issue[.]" Rule 706 provides that a district court may appoint expert witnesses, set compensation for the witness, and determine which portion of the expert's bill each party will pay. Specifically, Rule 706(a), Fed.R.Evid., reads, in part, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed[.]" *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a), however, "[o]nly allows a court to appoint a neutral expert." *Gorton v. Todd*, 793 F.Supp.2d 1171, 1178 (E.D. Cal. 2011) (citation and footnote omitted). "However, '[r]easonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.'" *Hollis v. Sloan*, 2010 WL 4069336, at *1 (E.D. Cal. Oct. 18, 2010) (quoting *Gamez v. Gonzalez*, 2010 WL 2228427, *1 (E.D. Cal. June 3, 2010)). "[T]he principal purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate." *Id.* In determining whether to appoint a neutral expert witness, a district court considers the "[c]omplexity of the evidence, and the court's need for an impartial viewpoint." *Beaver v. Board of County Commissioners*, 1991 WL 350749, at *1 (D. Idaho 1991) (citations omitted); *see also McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991) (suggesting that district court consider appointing an expert in a § 1983 action involving second-hand tobacco smoke), *affirmed on other grounds Helling v. McKinney*, 509 U.S. 25 (1993).

The Ninth Circuit has found that, while no funds have been provided by law to compensate an expert witness in civil rights cases, Rule 706(c)(2), "in an appropriate case, permits the court to apportion all the cost to one side." *McKinney*, 924 F.2d at 1511. "Otherwise, we are faced with an inflexible rule that would prevent the district court from appointing an expert witness whenever one of the parties in an action is indigent, even when the expert would significantly help the court." *Id.* The Fifth Circuit has noted, however, that the Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). "The plain

1 language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Id.* Plaintiff has not pointed to, and the Court's independent research has not discovered, any federal statute authorizing the expenditure of public funds for the appointment of an expert witness to assist a *pro se* party in litigation.

District "[c]ourts do not commonly appoint an expert pursuant to Rule 706 and usually do so only in 'exceptional cases in which the ordinary adversary process does not suffice' or when a case presents compelling circumstances warranting appointment of an expert." *Hart v. Agnos*, 2008 WL 2008966, at *5 (D. Ariz. April 25, 2008) (citations omitted).

## III. Discussion

Plaintiff has made no showing that the evidence or his claims are so complex that the appointment of a court expert is necessary to "help the trier of fact to understand the evidence or to determine a fact in issue[,]" Rule 702(a), Fed.R.Evid., or that this case presents compelling circumstances warranting the appointment of an expert. *See Lopez v. Scribner*, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex.") (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997) (district court did not abuse its discretion by denying request to appoint expert under Rule 706 where trier of fact's determination of deliberate indifference was not so complicated that an expert was required); *Hooker v. Adams*, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex."). The adverse effects of sleep deprivation on the human body are within the common knowledge of potential jurors. An expert witness will not be necessary to relate the cause and effect that constant, bright illumination may have on normal sleep and rest, causing headaches, inability to sleep, upsetting one's internal sleep clock, and rendering someone too fatigued to participate in basic daily activities. Accordingly, the Court cannot conclude a medical expert's opinion is essential to the presentation and fair resolution of the legal issues in this case.

1  Additionally, because there is a summary judgment motion pending on Plaintiff's
2 Eighth Amendment liability claim, doc. 34, it is premature to decide whether appointment
3 of a medical or sleep expert is warranted on issues related to causation or damages. *See*
4 *Estrada v. Rowe*, 2011 WL 249453, at *5 (N.D. Cal. Jan. 25, 2011).  As the district court in
5 *Estrada* noted, "[u]ntil the Court has had the opportunity to review the arguments and
6 evidence submitted by the parties on summary judgment, no determination can be made that
7 the issues are so complex as to require the testimony of an expert to assist the trier of fact."
8 *Id.*

9  Plaintiff's reliance on *Steele v. Shah*, 87 F.3d 1266, 1270-71 (11th Cir. 1996) and
10 *Beard v. Banks*, 548 U.S. 521, 534 (2006) is unavailing. In *Steele*, the Eleventh Circuit
11 reversed the district court's denial of plaintiff's motion for appointment of an expert witness
12 where no explanation was given for the denial and, absent an explanation, the circuit court
13 was "unable to review the [ ] denial [ ] for abuse of discretion." *Steele*, 87 F.3d at 1270. In
14 *Beard*, the Supreme Court held that a ban on all newspapers, magazines, and personal
15 photographs for inmates housed in long term segregation unit does not violate the First
16 Amendment because it is rationally related to rehabilitation. There is no discussion of Rule
17 706(a), Fed.R.Evid., in *Beard*.

18  Accordingly,

19  **IT IS ORDERED** Plaintiff's Motion to Appoint Expert to Analyze Health Effects and
20 Harm of Constant Illumination, doc. 40, is **DENIED**.

21  Dated this 3rd day of June, 2013.

Lawrence O. Anderson
United States Magistrate Judge

- 5 -