**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doneld Womack, | No. CV-12-1524-PHX-SRB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| GEO Group Incorporated, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Extend Discovery Deadlines, Plaintiff's Motion to Compel Discovery, and Defendant's Motion to Extend Dispositive Motion Deadline. (Docs. 66, 67 and 70) Defendant has filed a Response to Plaintiff's Motion to Compel. (Doc. 72) No other responses or replies have been filed.

**I. Background**

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on July 16, 2012. (Doc. 1) At the time he filed this action, Plaintiff was an inmate confined in the Central Arizona Correctional Facility ("CACF"), a private correctional facility owned and operated by Defendant GEO Group ("GEO"), which has contracted with the State of Arizona to incarcerate prisoners.

In the First Amended Complaint, Plaintiff alleges that, since approximately 2009, GEO has maintained the prison dorms in which Plaintiff was housed with "constant illumination" by four large fluorescent lights which brightly illuminated his living area and bed for "24 hours a day." (Doc. 8 at 3-4)  He also contends GEO instituted a practice of having its staff members

wake inmates who attempt to block the light by covering their heads at night. (*Id.* at 5-6) Plaintiff claims the constant, bright illumination in his cell deprived him of normal sleep and rest; caused him to suffer headaches, sleep disorders, placed "out of sync" his internal sleep clock; and rendered him too sleepy and fatigued to participate in basic daily activities. (*Id.* at 8-9) Plaintiff alleges GEO has violated his Eighth Amendment rights under the United States Constitution and was deliberately indifferent to Plaintiff's "basic right to shelter." (Doc. 8 at 3) *See Keenan v. Hall*, 83 F.3d 1083, 1088, 1090-91 (9th Cir. 1996) (Because "[t]here is no legitimate penological justification for . . . constant illumination[,]" a triable issue of fact existed on a continuous lighting claim where prisoner was subjected to two large fluorescent lights that were kept on 24 hours a day for six months, and the prisoner claimed that the lighting caused him grave sleeping problems and other mental and psychological problems.") (citations and internal quotation marks omitted), *opinion amended on denial of rehearing by* 135 F.3d 1318 (9th Cir. 1998). Plaintiff seeks declaratory and injunctive relief and monetary damages.

**II. Plaintiff's Motion to Extend Discovery Deadlines and Motion to Compel**

In the Motion to Compel, Plaintiff seeks an order compelling Defendant to respond to the interrogatories and requests for production Plaintiff propounded on February 27, 2013. On September 24, 2013, Defendant filed a Response, stating it submitted its Answers to Interrogatories and Request for Documents that same day. (Doc. 72) Defendant contends, therefore, Plaintiff's Motion to Compel is moot and should be denied. Plaintiff has not filed a reply and the time to do so has expired. *See* Local Rules of Civil Procedure ("LRCiv") 7.2(d) (stating a party has seven days after service of the response to file a reply). In light of Plaintiff's failure to file a reply after receiving Defendant's discovery responses, the Court assumes Plaintiff is no longer seeking the Court's assistance with compelling responses to the discovery requests. The motion will, therefore, be denied as moot.

Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if the requested discovery is provided after the motion to compel was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees." Here, because Plaintiff is representing himself, he is not entitled to attorney's fees. However, to the extent Plaintiff incurred reasonable expenses in bringing the motion to compel, he may seek an order requiring Defendant to pay those expenses. *See* Fed.R.Civ.P. 37(a)(5)(A).

Regarding Plaintiff's Motion to Extend Discovery Deadlines, the requested extension of the discovery deadline appears to based on Defendant's failure to timely answer Plaintiff's discovery requests. As discussed above, however, Defendant has since responded to the discovery requests. As far as the Court is aware, there are no other outstanding discovery requests, nor has Plaintiff argued a need to conduct additional discovery. Under these circumstances, the Court finds no basis to extend the discovery deadline, which expired on July 26, 2013. The motion will be denied.

**III. Defendant's Motion to Extend Dispositive Motion Deadline**

Defendant seeks a forty-five day extension of the dispositive motion deadline, which expired on September 27, 2013.[1] (Doc. 70) Defendant claims the requested extension "is necessitated by discovery which should lead to a complete record in this action to warrant summary judgment and avoid trial." (*Id*. at 1) Defendant, however, has already filed a summary judgment motion, which the assigned District Judge denied on August 16, 2013. (Doc. 65)

The Rule 16 scheduling and discovery order, issued on February 8, 2013, permitted a motion to dismiss or motion for summary judgment "based solely on a defense of absolute or qualified immunity," to be filed by March 22, 2013. (Doc. 27 at 1) Defendant filed a Motion for Summary Judgment on March 21, 2013. (Doc. 34) The motion, however, was not "based solely on a defense of absolute or qualified immunity," and argued Defendant was entitled to summary judgment on the merits of Plaintiff's Eighth Amendment claim. (*Id*.) As noted above, the assigned District Judge disagreed and denied the motion. Defendant now seeks a second bite at the apple, claiming additional discovery warrants a second summary judgment motion.

---

[1] Defendant's Motion to Extend Dispositive Motion Deadline was not properly filed in text-searchable format and violates LRCiv 7.1(c), 5.5(b), and the definition of ".pdf," in the District Court's ECF Manual, at I(A), p. 2.

- 3 -

The Court disagrees. Defendant chose to file its Motion for Summary Judgment in March 2013, before discovery had been completed. Moreover, Defendant's instant motion contains only vague assertions that additional discovery justifies another summary judgment motion. Defendant points to nothing specific obtained during discovery that would likely produce a different result on a second summary motion. The February 8, 2013 scheduling order gave the parties fair warning that "[t]hese deadlines are **real**, **firm**, and, consistent with the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq., **will not be altered** except on a showing of good cause and by leave of the assigned District or Magistrate Judge." (Doc. 27 at 1) (emphasis in the original) Finally, pursuant to *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992), a district court may modify a pretrial scheduling order upon a showing of "good cause," *i.e.*, a case management deadline "[c]annot reasonably be met despite diligence of the party seeking the extension." Defendant has not demonstrated the requisite good cause and diligence for extending the dispositive motion deadline. Although "district courts have discretion to entertain successive motions for summary judgment," *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010), this Court finds no basis to allow one here. Defendant's motion will be denied.

Accordingly,

**IT IS ORDERED** as follows:

1. Plaintiff's Motion to Extend Discovery Deadlines, doc. 66, is **DENIED**.

2. Plaintiff's Motion to Compel Discovery, doc. 67, is **DENIED** as moot. To the extent Plaintiff incurred reasonable expenses in bringing the Motion to Compel, he may seek an order requiring Defendant to pay those expenses. *See* Fed.R.Civ.P. 37(a)(5)(A).

3. Defendants' Motion to Extend Dispositive Motion Deadline, doc. 70, is **DENIED**.

**IT IS FURTHER ORDERED** that, except as set forth herein, all pleadings, motions, memoranda, or other filings by Defendant and its counsel shall be created via personal computer with a word processing application, e.g., Microsoft Word® or Corel WordPerfect®, then converted to portable document format (.pdf). *See* LRCiv 7.1(c) and definition of ".pdf", ECF Manual, at I(A), p. 2. ("[E]lectronic documents must be converted to .pdf directly from a word

processing program (e.g., Microsoft Word® or Corel WordPerfect®) and must be text searchable."). Such filings shall not be printed to paper and then scanned and saved as portable document format (.pdf). Documents which exist only in paper form, like exhibits or certain attachments to pleadings or briefings may, however, be scanned from a paper copy and saved in a portable document format (.pdf).

**IT IS FURTHER ORDERED** that counsel and any unrepresented party must comply with the Rules of Practice for the United States District Court for the District of Arizona ("Local Rules" or "LRCiv"). The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/.

Dated this 15th day of October, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge